# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:20-cv-97-MOC-WCM

| | |
|---|---|
| TRUDY CROWE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ETHICON, INC. ) | |
| JOHNSON & JOHNSON, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on a Partial Motion to Dismiss for Failure to State a Claim, filed by Defendants. (Doc. No. 8).

## I. BACKGROUND

On April 23, 2020, Plaintiff Trudy Crowe filed this product liability action against Defendants Ethicon, Inc. and Johnson & Johnson. Plaintiff's Complaint alleges that she has suffered damages as a result of having been implanted with Ethicon, Inc.'s TVT-O prescription pelvic mesh medical device to treat her urinary incontinence. Specifically, Plaintiff asserts the following causes of action: failure to warn (Count I), negligence (Count II), negligent misrepresentation (Count III), design defect (Count IV), manufacturing defect (Count V), breach of express warranty (Count VI), breach of implied warranty (Count VII), violation of North Carolina Consumer Protection and Deceptive Business Practices Act (Count VIII), fraud (Count IX), fraud by concealment (Count X), and punitive damages (Count XI).

On July 20, 2020, Defendants filed the pending partial motion to dismiss, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), asking the Court to dismiss Counts

1

Case 1:20-cv-00097-MOC-WCM   Document 12   Filed 08/21/20   Page 1 of 3

I, II, III, V, VI, VII, IX, and X.[1]  In response, Plaintiff asserts that she does not oppose the dismissal of Counts III, VI, IX, and X.  Plaintiff further asserts that she opposes dismissal of Counts I, II, V, and VII, and she seeks to amend the Complaint in the event these Counts are subject to dismissal under Federal Rule of Civil Procedure 12(b)(6).

## II.     DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted.  A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim.  Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993).  Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2).  To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (quoting Twombly, 550 U.S. at 556).  The Court must draw all reasonable factual inferences in favor of the plaintiff.  Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014).  In a Rule 12(b)(6) analysis, the Court

---

[1]  Defendants have not moved to dismiss Counts IV, VIII, and XI.

must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

First, as to Plaintiff's claims for negligent misrepresentation, breach of express warranty, fraud, and fraud by concealment (Counts III, VI, IX, and X), Plaintiff concedes that these claims should be dismissed. Therefore, the Court grants the motion to dismiss as to these claims. As to the remaining claims, given the lenient pleading standards of Iqbal and Twombly, the Court will deny the motion to dismiss at this time and hold it under consideration pending further development of the record.

### III. CONCLUSION

Defendants' motion to dismiss is denied in part and granted in part. That is, Plaintiff's claims in Counts III, VI, IX, and X are hereby dismissed. As to the remaining claims, the motion to dismiss these claims is denied, pending further development of the record.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Partial Motion to Dismiss, (Doc. No. 8), is **DENIED in part** and **GRANTED in part**, as set forth in this Order.

Signed: August 21, 2020



Max O. Cogburn Jr.
United States District Judge